■ In the Matter of the Claim of KATHERINE HUTTON, on Behalf of Herself and Minor Children, Respondent, against FORD MOTOR COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellant appeals from a decision and award of the Workmen's Compensation Board awarding death benefits to the widow and children of decedent on the grounds that there was no accident, causal relation or notice. The evidence indicates that the decedent, employed as a powerhouse engineer, in a period between August 19 and 22, 1953, because of an unexperienced and unreliable fireman who was his assistant, was required to do unusual and extra work, particularly the climbing of a 20-foot ladder on three occasions during one of the working shifts. As a result thereof he suffered on or about August 26 a coronary occlusion with myocardial infarction which resulted in his death on September 2, 1953. It is further shown that an autopsy was performed which was used as the basis of expert testimony by several of the witnesses. We are satisfied from the testimony of the widow and the union representative as to the complaints made by the decedent — and the association of that testimony with the medical evidence — that an accident was established and causal relation between the accident and resulting death. While both issues were in serious dispute, the decision of the board as to the questions of fact involved were based upon substantial testimony which we have held to be within its sole province. (*Matter of Palmero* v. *Gallucci & Sons*, 6 A D 2d 911, affd. 5 N Y 2d 529.) The question of notice is another serious question of fact resolved in favor of the claimant and from which it appears that the rights of the appellant were not prejudiced. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.